IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America )<br>)<br>)<br>vs.          )<br>)<br>Donikki Hardy,         )<br>)<br>Movant.   ) | Cr. No. 7:01-235<br>C.A.: 6:06-82-HMH<br><br>**OPINION & ORDER** |

This matter is before the court on Donikki Hardy's ("Hardy") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, the court summarily dismisses Hardy's § 2255 motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 3, 2001, Hardy pled guilty to one count of possession with the intent to distribute 50 grams or more of crack cocaine and less than 500 grams of cocaine in violation of 21 U.S.C. § 841. On November 26, 2002, Hardy was sentenced to four hundred eighty (480) months' imprisonment. Hardy appealed, and on April 6, 2004, the United States Court of Appeals for the Fourth Circuit affirmed his sentence and conviction. See United States v. Hardy, Nos. 02-4965, 02-4998, 2004 WL 728224 (4th Cir. Apr. 6, 2004) (unpublished). On May 25, 2004, the Fourth Circuit denied Hardy's petition for rehearing and rehearing en banc, and the Fourth Circuit denied a subsequent petition for rehearing and rehearing en banc as untimely on December 6, 2004.

1

Hardy filed a petition for a writ of certiorari on June 27, 2004, which the United States Supreme Court denied on October 4, 2004. Hardy v. United States, No. 04-5825, 543 U.S. 912 (Oct. 4, 2004) (unpublished). Hardy's petition for rehearing was denied on January 10, 2005. Hardy v. United States, No. 04-5825, 543 U.S. 1084 (Jan. 10, 2005) (unpublished). While Hardy's case was on direct appeal, he filed a § 2255 motion which the court dismissed without prejudice on December 16, 2002. United States v. Hardy, No. 02-4120-HMH (D.S.C. Dec. 16, 2002) (unpublished). Hardy filed the instant § 2255 motion on January 5, 2006,[1] in which he alleges that his trial counsel, Thomas A.M. Boggs ("Boggs"), was constitutionally ineffective.

## II. DISCUSSION OF THE LAW

### A. Ineffective Assistance of Counsel

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Hardy must demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, Hardy must demonstrate a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

---

[1] Houston v. Lack, 487 U.S. 266 (1988).

In his § 2255 motion, Hardy states that he was denied effective assistance of counsel because Boggs (1) failed to move to suppress certain evidence; (2) failed to object to the court's Rule 11 colloquy during Hardy's guilty plea hearing when the court did not inform him of "the elements required to be admited [sic] or proven beyond a reasonable doubt, and without fully understanding the nature of the charge and consequences thereof"; and (3) failing to object to the enhancement of Hardy's sentence based on his prior convictions under the United States Sentencing Guidelines ("U.S.S.G.").

### 1. Pro se Motion to Suppress

At sentencing, Hardy dismissed Boggs because he was dissatisfied with his representation. (Sentencing Tr. 3.) During his sentencing hearing, Hardy asserted a pro se motion to suppress evidence obtained at Hardy's residence located at 289 Gaston Street in Pacolet, South Carolina, on the date of his arrest, which the court denied. (Id. 10-13.) On August 29, 2000, officers from the Cherokee County Metro Narcotics Unit arrested Hardy after he sold drugs to an undercover operative. (Pre-Sentence Investigation Report ¶ 4.) Hardy informed the officers that he lived at 101 Alexander Drive in Spartanburg, South Carolina. (Id.) However, Hardy's driver's license listed his address as 289 Gaston Street in Pacolet, South Carolina. (Id.) The Cherokee County officers contacted Pacolet Police Department Officer Kevin Redgill, who confirmed that 289 Gaston Street in Pacolet was Hardy's residence. (Id.) A search warrant was obtained for Hardy's residence, and the search uncovered drugs and other items. (Id.)

Hardy alleges that he was prejudiced by Boggs' refusal to research and argue a motion to suppress. (Movant's Mem. Supp. § 2255 Mot. 5.) Hardy submits that the motion should

3

have been granted because the search warrant was executed by officers from Cherokee County who lacked jurisdiction because his residence was in Spartanburg County. Hardy contends that the alleged lack of jurisdiction rendered the search illegal. (Id. 6-8.) This argument is without merit.

> South Carolina Code of Laws section 17-13-140 provides
>
> In the case of a warrant issued by a magistrate or a judge of a court of record, it shall be directed to any peace officer having jurisdiction in the county where issued, including members of the South Carolina Law Enforcement Division, and shall be returnable to the issuing magistrate. In case of a warrant issued by a judge of a court of record, it shall be returnable to a magistrate having jurisdiction of the area where the property is located or the person to be searched is found.

During the sentencing hearing, the government stated that the warrant was signed by Ray Thompson, an officer with the Pacolet Police Department. (Sentencing Tr. 12.) Hardy alleges that the search warrant was not signed by Ray Thompson. However, under South Carolina law "the fact that the place to be searched" is outside of the warrant applicant's jurisdiction does not "in and of itself, render the search warrant invalid." State v. Hammond, 242 S.E.2d 411, 413 (S.C. 1978). As such, even if an officer from Cherokee County signed the search warrant, the warrant is not invalid.

Further, contrary to Hardy's assertion, the Pre-Sentence Investigation Report does not say that the warrant was executed by officers from Cherokee County. It states that the "task force obtained a search warrant." (Pre-Sentence Investigation Report ¶ 4.) In addition, the government stated during the sentencing hearing that "Pacolet police officers executed the search warrant." (Sentencing Tr. 11.) As such, the court concludes that Boggs had no reasonable basis on which to move to suppress the evidence from the search of Hardy's

residence. Therefore, Boggs' decision not to file a motion to suppress the seized evidence was not "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. Moreover, Hardy has failed to show that, but for counsel's unprofessional errors, there is a "reasonable probability that he would not have pleaded guilty." Hill, 474 U.S. at 59.

### 2.  Offense Elements

Second, Hardy alleges that Boggs was constitutionally ineffective for advising him to plead guilty to the charge in the indictment because (1) he did not fully understand the nature and consequences of the charge against him as required by Rule 7(c)(1) of the Federal Rules of Criminal Procedure; and (2) the court's Rule 11 colloquy failed to adequately inform him of the elements of the charge against him, in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000).

Rule 7(c)(1) sets forth the general requirements for an indictment. Rule 7(c)(1) requires in pertinent part that

> The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government. It need not contain a formal introduction or conclusion. A count may incorporate by reference an allegation made in another count. A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means. For each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated.

Hardy's indictment complied with Rule 7(c)(1). Therefore, this argument is without merit.

In addition, Hardy contends that the "elements cited to [him] lacked the required element of '50 grams or more', making the subsequent plea to such, invalid." (Movant's Mem. Supp. § 2255 Mot. 10-11.) "[U]nder Apprendi, drug quantity is an element of the

aggravated drug offenses set forth in 21 U.S.C.A. §§ 841(b)(1)(A) and 841(b)(1)(B)." <u>United States v. Cannady</u>, 283 F.3d 641, 648 (4th Cir. 2002). During the Rule 11 colloquy, the court informed Hardy that the indictment charged that "on or about August 29, 2000, in the District of South Carolina, that you, having a prior felony drug conviction that had become final, did knowingly, intentionally and unlawfully possess with intent to distribute fifty grams or more of crack cocaine and less than five hundred grams of cocaine, both a Schedule II controlled substance." (Guilty Plea Tr. 4.) The court asked Hardy, "Do you understand what you are charged with?" (<u>Id.</u>) Hardy replied, "Yes, sir." (<u>Id.</u>) The court then informed Hardy of the elements of the offense as follows:

> That you knowingly and intentionally possessed these controlled substances described in the indictment. That at the time of the possession, you knew that the substances possessed were controlled substances. And finally, that you possessed the controlled substances with intent to distribute them. Those are the basic elements. Do you understand that?

(<u>Id.</u> 4-5.) Hardy replied, "Yes, sir." (<u>Id.</u> 5.) The court then stated,

> Because of the amount of drugs, the statute provides, in your case, a maximum term of imprisonment for life, a minimum term of ten years, a maximum fine of four million dollars, supervised release of at least five years and a special assessment of one hundred dollars. Do you understand that?"

(Guilty Plea Tr. 5.) Hardy indicated that he understood the penalty for the drug offense. (<u>Id.</u> 5.) After hearing the charges against him, the potential sentence, and the elements of the offense, Hardy indicated that he still wished to plead guilty. (<u>Id.</u>) In addition, the court informed Hardy that he had the right to a jury trial where the government would have to prove his guilt beyond a reasonable doubt. (<u>Id.</u> 5-6.) Further, the court asked Hardy if he was pleading guilty because he was guilty. (<u>Id.</u> 6). Hardy replied, "Yes, sir." (Guilty Plea Tr. 6-7.) In addition, the

6

government summarized the facts in the case, and Hardy agreed with the government's summary of the facts. (Id. 8-9.) The court read the indictment again and asked Hardy if he was guilty of the charge in the indictment. Hardy testified, "Yes, sir." (Id. 9.)

The court informed Hardy that the threshold drug quantity identified in the indictment was an element of the drug offense because it informed him of the charge in the indictment, including the threshold drug amounts. Further, the court specifically referenced the drugs as described in the indictment in informing Hardy of the elements of the charge. Based on the foregoing, Boggs' conduct related to Hardy's guilty plea hearing was not "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. Moreover, Hardy has failed to show that, but for counsel's unprofessional errors, there is a "reasonable probability that he would not have pleaded guilty." Hill, 474 U.S. at 59.

### 3. Prior Convictions

Finally, Hardy alleges that Boggs was constitutionally ineffective because Boggs failed to object to the enhancement of his sentence for his prior convictions. (Movant's Mem. Supp. § 2255 Mot. 13-16.) As Hardy notes, the government withdrew the statutory sentencing enhancement for prior felony drug convictions filed pursuant to 21 U.S.C. § 851. (Guilty Plea Tr. 9.) However, it appears that Hardy is contending that the government's withdrawal of its statutory enhancement precludes the application of the career offender enhancement set forth in U.S.S.G § 4B1.1. (Movant's Mem. Supp. § 2255 Mot. 14-15.)

Hardy's argument is wholly without merit. The government's withdrawal of the statutory enhancement did not affect the application of the career offender sentencing enhancement under U.S.S.G § 4B1.1. "It is clear . . . that section 851 was never intended to

7

extend to enhancements under the Guidelines. The enhanced punishments to which section 851 refers are those provided for by statute." United States v. Foster, 68 F.3d 86, 89 (4th Cir. 1995). As such, Hardy's sentence was properly enhanced under the U.S.S.G. Based on the foregoing, Boggs was not constitutionally ineffective for failing to object to the career offender enhancement.

Therefore, it is

**ORDERED** that Hardy's § 2255 motion is dismissed.

**IT IS SO ORDERED.**


                                        s/ Henry M. Herlong, Jr.
                                        United States District Judge

Greenville, South Carolina
January 25, 2006


### NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.